[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 29, 2010
JOHN LEY
CLERK

_____

No. 08-15485

_____

D. C. Docket No. 07-00096-CV-CDL-4

BYRON HICKEY,

Plaintiff-Appellee,

versus

COLUMBUS CONSOLIDATED GOVERNMENT, et al.,

Defendants,

CHIEF R.T. BOREN,
Individually and in his official capacity,
CAPT J. D. HAWK,
Individually and in his official capacity,
SGT. DAVID HORIUCHI,
Individually and in his official capacity,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(March 29, 2010)

Before BIRCH, BARKETT, Circuit Judges, and BUCKLEW,[*] District Judge.

BARKETT:

Police Chief R.T. Boren, Police Captain, J.D. Hawk, and Police Sergeant David Horiuchi appeal from an adverse summary judgment in Byron Hickey's suit against them asserting employment discrimination and retaliation in violation of Title VII, § 1981, the Equal Protection Clause, the First Amendment, and Georgia state law. Hickey claims, inter alia, that, because of his race, Chief Boren transferred him from Vice to Burglary and Theft. He also claims that he was retaliated against for supporting another officer's discrimination complaint against the Department by the above-noted action as well as by a negative performance review authored by Horiuchi and supported by Hawk and an extended administrative assignment ordered by Chief Boren. He asserts that the negative performance review was itself harmful, even though it was reversed the day following its initial completion; that the administrative assignment resulted in lost income due to a departmental rule barring officers from taking outside security-related jobs while on administrative assignment, and that the transfer to Burglary and Theft was also its own harm.

---

[*] Honorable Susan C. Bucklew, United States District Judge for the Middle District of Florida, sitting by designation.

The District Court denied qualified immunity to Boren on the § 1981 retaliation claims based on the extended administrative assignment as well as the § 1981 and Equal Protection discrimination and retaliation claims based on Hickey's transfer to Burglary and Theft. The District Court denied qualified immunity to Hawk and Horiuchi on the 1981 retaliation claim based on the negative performance review. Boren, Hawk, and Horiuchi appeal these determinations.

Initially, we reject the appellants' argument that a claim for retaliation under Section 1981 was not clearly established at the time of the allegedly unlawful conduct. See Andrews v. Lakeshore Rehabilitation Hospital, 140 F.3d 1405 (11th Cir. 1998) (recognizing § 1981 post-hiring retaliation claims); Pinkard v. Pullman-Standard, 678 F.2d 1211, 1229 (5th Cir. Unit B 1982).

However, we find merit in Boren's argument that, rather than applying the law at the time of the incidents at issue, the district applied a later-developed legal standard for retaliation, first discussed in Burlington Northern & Santa Fe Railway Co., 548 U.S. 53 (2006), to the alleged facts of the case. The clearly-established law governing retaliation claims in this circuit at the time of the conduct at issue provided that "in order to be considered an adverse employment action . . . the action must either be an ultimate employment decision or else must meet some threshold level of substantiality." Stravropoulos v. Firestone, 361 F.3d 610,

616-617 (11th Cir. 2004).

Subsequent to the actions relevant here, the Supreme Court rejected this standard in Burlington Northern.  See Crawford v. Carroll, 529 F.3d 961, 973-74 (11th Cir. 2008) (Burlington Northern retaliation standard more lenient to plaintiffs alleging retaliation under Title VII than 11th Circuit standard in effect at time of defendants' allegedly unlawful conduct).  Instead, the Supreme Court held that "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, "which in this context means it well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'"  Burlington Northern, 548 U.S. at 60.  (internal citation omitted).  The Court further explained that:

> We speak of material adversity because we believe it is important to separate significant from trivial harms. Title VII, we have said, does not set forth "a general civility code for the American workplace." . . .
>
> We refer to reactions of a reasonable employee because we believe that the provision's standard for judging harm must be objective. An objective standard is judicially administrable. It avoids the uncertainties and unfair discrepancies that can plague a judicial effort to determine a plaintiff's unusual subjective feelings. . . .
>
> [T]his standard . . . is tied to the challenged retaliatory act, not the underlying conduct that forms the basis of the Title VII complaint. By focusing on the materiality of the challenged action and the perspective of a reasonable person in the plaintiff's position, we believe this standard will screen out trivial conduct while effectively capturing those acts that are likely to dissuade employees from complaining or assisting in complaints

4

about discrimination.

Id. at 68-69 (internal citations omitted).

Although this is the applicable standard now, subsequent law cannot be applied in a qualified immunity context unless pre-existing law, at the time of the allegedly unlawful conduct, is clearly established such that it would give notice to a reasonable official of the wrongfulness of the conduct.  See Hope v. Pelzer, 536 U.S. 730, 739-41  (2002).

Accordingly, Boren's actions relative to the extended administrative assignment must be evaluated under the clearly established law existing at the time of the alleged unlawful conduct, and we reverse and remand the denial to Boren of qualified immunity for reconsideration under that standard.

As to the claim of discrimination against Boren for Hickey's transfer to Burglary and Theft and the claims against Hawk and Horiuchi, we reverse the denial of qualified immunity.  Hickey argues that Horiuchi did not follow required procedures when he decided to down-grade one of the thirteen elements of Hickey's 2006 appraisal without giving Hickey advance notice of his intent to do so.  However, Hickey's January 19, 2006 performance evaluation by Horiuchi did not result in any tangible harm such as the loss of his job, a delay in his annual raise, a decrease in his earnings or degrading of his position. Moreover, the January

5

19th evaluation was rejected and never became part of Hickey's personnel record. When Hickey's grievance was resolved in Hickey's favor, a new - and higher - evaluation was substituted. Because the evaluation process was suspended as soon as Hickey contested his appraisal, and before Hickey suffered any tangible harm, Horiuchi's non-compliance with Departmental policy – and Hawk's approval of that non-compliance – did not rise to the level of substantiality required by the clearly-established law that existed in this circuit at the time. See Pennington v. City of Huntsville, 261 F.3d 1262, 1267 (11th Cir. 2001) (decision to reprimand or transfer an employee, if rescinded before the employee suffers a tangible harm, is not an adverse employment action).

Likewise, the transfer to the Burglary unit did not result in any tangible harm. As such, it too cannot make out a discrimination claim. See Davis v. Lake Park, 245 F.3d 1232, 1243-45 (11th Cir. 2001).

REVERSED AND REMANDED.